[Docket Nos. 7 and 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GEORGE I. STAPLEY,<br><br>    Plaintiff,<br><br>       v.<br><br>New Jersey Attorney General, et al.,<br><br>    Defendants. | Civil No. 20-2344 (RMB/JS)<br><br>**OPINION** |

APPEARANCES:

George I. Stapley
320 Branch Ave.
Apt. 34H
Pine Hill, NJ 08021
     Pro Se

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Before the Court is *pro se* Plaintiff George Stapley's Motion for Summary Judgment against Defendants Jules Roscioli and Geico Insurance Co. [Docket No. 7] and Plaintiff's Motion for Default Judgment [Docket No. 8]. The Court closed this action after reviewing Plaintiff's amended complaint and in forma pauperis application, and directed the Clerk of Court not to file the complaint. [Docket No 4]. This matter remains closed and will not be reopened. For the reasons stated herein, Plaintiff's motions will be DENIED.

1

I.      BACKGROUND

Plaintiff filed this personal injury action on March 4, 2020. [Docket No. 1]. Shortly thereafter, the Court granted Plaintiff's *in forma pauperis* application and identified several deficiencies in his *pro se* complaint. [Docket No. 2]. The Court held that Plaintiff had failed to state a claim arising under federal law, that the parties were not diverse, and that it would not exercise supplemental jurisdiction over Plaintiff's state law claims. [Id.]. The Court, however, permitted Plaintiff to file an amended complaint, if he could plead a viable claim under federal law. [Id.].

Two week later, Plaintiff filed an amended complaint. [Docket No. 3]. In his amended pleading, Plaintiff alleged that Defendant Jules Ruscioli wrongfully took possession of Plaintiff's personal property in violation of the Fifth Amendment's Due Process Clause. [Id.]. The Court reviewed the amended complaint, held that Plaintiff had failed to state a viable claim for relief, and, pursuant to 28 U.S.C. § 1915(e)(2)(B), ordered the Clerk of Court not to file the complaint and close the case. [Docket No. 4]. Notwithstanding this Order, Plaintiff filed a Motion for Summary Judgment [Docket No. 7] and a Motion for Default Judgment [Docket No. 8].

**II. ANALYSIS**

Plaintiff's motions are improper, and his requests are unwarranted. The Court previously held that Plaintiff had failed to state a claim on which relief could be granted and closed the case. [Docket No. 4]. This case is not on-going, and there is no live complaint. Moreover, the Court has also held that it will not exercise supplemental jurisdiction over Plaintiff's state law claims. [Id.] See also Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (holding that District Courts "must" decline to exercise supplemental jurisdiction over state law claims "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") The Court found no affirmative justification for exercising supplemental jurisdiction when it originally reviewed this case, and it declines to revisit that decision now. The Court dismissed Plaintiff's claims, and he is not entitled to Summary Judgment or to Default Judgment.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motions are DENIED. An appropriate order will issue on this date.

Dated: December 3, 2020                s/ Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       UNITED STATES DISTRICT JUDGE